**BLACK & DECKER (U.S.) INC., and Lockwood Products, Inc., Plaintiffs,**

v.

**HOME PRODUCT MARKETING, INC., Joseph V. Grobarek, and Carmen Giannini, Defendants.**

**No. 95 C 5189.**

United States District Court, N.D. Illinois, Eastern Division.

Aug. 9, 1996.

Raymond P. Niro, John Charles Janka, Christopher J. Lee, Niro, Scavone, Haller & Niro, Ltd., Chicago, IL, for plaintiffs.

James F. Basile, Kirkland & Ellis, Washington, DC, Dean A. Dickie, D'Ancona & Pflaum, Chicago, IL, Donald G. Kempf, Jr., Kirkland & Ellis, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

KEYS, United States Magistrate Judge.

The Court notes that Defendants have been represented throughout these proceedings by Dean A. Dickie of the local law firm of D'Ancona & Pflaum. Mr. Dickie has signed all motions and other pleadings on behalf of Defendants.

On November 7, 1995, Plaintiffs filed their Motion for Summary Judgment of Infringement, submitting therewith a separate Statement of Uncontested Facts, pursuant to Local Rule 12(M). On December 6, 1995, Defendants filed their Memorandum of Points and Authority in Opposition to Plaintiffs' Motion for Summary Judgment. Defendants did not, as required by Local Rule 12(N), respond to Plaintiffs' Statement of Uncontested Facts or set forth additional facts which it contended would require the denial of summary judgment.

On December 13, 1995, Plaintiffs filed their Reply to Defendants' Memorandum of Points and Authority, specifically noting that Defendants had not complied with Local Rule 12(N) and asserting that the facts set forth in its Statement of Uncontested Facts should be deemed admitted. Defendants did not request leave to file any additional pleading with the Court. On June 27, 1996, more than six months later, the Court issued its Memorandum Opinion and Order, granting Plaintiffs' Motion for Summary Judgment of Infringement. In so doing, the Court noted Defendants' failure to comply with Local Rule 12(N) and deemed the facts not contested to be admitted.

On July 15, 1996, Defendants requested leave to file a motion for reconsideration of the Court's June 27, 1996 Order, which request was granted. On July 29, 1996, Defendants filed their Motion for Reconsideration and Motion for Leave to File Rule 12(N) Response. Attached to their 12(N) Response were "declarations" by Carmen Giannini, one of the owners of Defendants, setting forth, for the first time, his version of the facts leading to the infringement action and his post-issuance attempts to retrieve copies of the infringing product. The declarations were dated May 22, 1996 and July 26, 1996.

The Court finds that, had the information contained in Defendants' post-judgment Local Rule 12(N) statement and declarations been before the Court prior to its consideration of the Motion for Summary Judgment, said Motion would have been denied, since there would have been material issues of fact presented.

At the hearing on August 7, 1996, counsel placed the blame for Defendants' failure to timely file their Rule 12(N) statement on "California counsel", who would not be familiar with the local rules. However, it is again noted that, prior to August 7, 1996, Defendants have been represented exclusively by local counsel. Local counsel asserts that the Memorandum of Points and Authorities was drafted by "California counsel" and that he only reviewed, signed, and filed it. He does not explain, however, how he failed to note the absence of the Rule 12(N) statement. Further, counsel admits that he read Plaintiffs' reply brief, in which the absence of the Rule 12(N) statement was noted. However, he again excuses his failure to respond, stating that "California counsel" assumed that he was precluded from requesting leave to file the Rule 12(N) statement after the scheduled briefing had ended. This explanation does not explain why local counsel did not take it upon himself to at least *attempt* to rectify this shortcoming. Moreover, the first "declaration" in support of Defendants' Rule 12(N) statement was not taken until May 22, 1996, and the other not until July 26, 1996, one month after summary judgment issued.

There simply has been no adequate explanation as to why counsel failed to comply with Local Rule 12(N), and such failure resulted in an enormous expenditure of judicial resources in ferreting out the issues of claim

construction and interpretation and comparing the properly construed claim to the product accused of infringing.[1]

At oral argument, Defendants' counsel urged the Court to allow them to return to "square one", asserting that it would be unfair to Defendants—who had meritorious arguments against the Motion for Summary Judgment—to now be barred from presenting them because of counsel's errors. For the reasons set forth above, the Court is unsure as to whether Defendants' failure to seriously contest Plaintiffs' Motion for Summary Judgment was due to error or was deliberate. Counsel admitted at oral argument that much of the information contained in Mr. Giannini's "declaration" was not known to them until it came to light through testimony in another lawsuit just prior to the issuance of summary judgment herein. In this regard, it is noted that both of Mr. Giannini's "declarations" are of very recent vintage, apparently after the decision in the other lawsuit. It may well be that Defendants had conceded on the issue of liability—as the Court had assumed when they failed to attempt to file a belated 12(N) statement—until their apparent success in the other case.

In its June 27, 1996 Opinion, the Court cited *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185 (Fed.Cir.1996), a case decided shortly after briefing had ended herein. In their Motion for Reconsideration, Defendants argue that the Federal Circuit's holding in *National Presto* actually supports their position. First, the Court notes that this case, although decided after briefing had ended, was not brought to the attention of the Court by Defendants during the four-month period between its issuance and the ruling on Plaintiffs' Motion for Summary Judgment herein. It was, therefore, left to the Court to research and locate that case. Moreover, having again reviewed *National Presto*, in light of Defendants' arguments, the Court reaffirms its opinion. Specifically, the Court did not, as Defendants contend, hold that Defendants had a post-issuance *duty* to attempt to retrieve the products or to notify retailers of the infringing products,

only that their failure to do so resulted in post-issuance inducements. As the Court noted, "[a]s a matter of law, inducement of infringement does not reach actions taken before the patent is issued" (*citing National Presto*, 76 F.3d at 1196).

For the foregoing reasons, Defendants' Motion for Reconsideration and Motion for Leave to File 12(N) Statement are denied.

**SO ORDERED.**

Dated: August 8, 1996.

---

1. See pages 9–11 of Memorandum Opinion and Order.